**WO**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Owners Insurance Company, | No. CV 10-8208-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| Young's Corral LLC et al., | |
| Defendants. | |

Before the Court is Plaintiff Owners Insurance Company's ("Plaintiff") Motion for Summary Judgment (Doc. 19). Defendants Young's Corral LLC, Jack Young, Antonio Begay, Frank Kelly, and Verna Kelly (collectively "Defendants") responded (Doc. 25; Doc. 28), Plaintiff replied (Doc. 33), and the matter is fully briefed. Also pending is Defendants' Request for Relief (Doc. 25) under Federal Rule of Civil Procedure 56(d). Plaintiff responded (Doc. 33), Defendants did not file a reply, and the matter is also fully briefed.[1]

**BACKGROUND**

From the evening of April 24, 2010 into the morning of April 25, 2010, Kandy Begay allegedly consumed alcohol to the point of "extreme intoxication" as a patron at Young's Corral, a bar in Navajo County, Arizona. (Doc. 20 ¶ 6; Doc. 26 ¶ 1.) Ms. Begay was killed

---

[1] Plaintiff requested oral argument related to both the Motion for Summary Judgment (Doc. 19) and Request for Relief (Doc. 33). However, the Court finds the pending motions suitable for decision without oral argument. See L.R. Civ. 7.2(f).

on April 25, 2010, when after leaving Young's Corral, she drove her truck into a train. (Doc. 20-2 at 2; 20 ¶ 6; Doc. 26 ¶ 1.) On September 23, 2010, Ms. Begay's parents, husband, and two children ("Ms. Begay's survivors") filed a lawsuit in Navajo County Superior Court (the "underlying case") against Young's Corral and Jack Young ("Young's Corral") alleging wrongful death and "negligence and violation of statute." (Doc. 20-2 at 5; Doc. 20 ¶¶ 5, 7; Doc. 26 ¶ 1.) The underlying case alleges that Young's Corral negligently sold alcohol to Ms. Begay in violation of Arizona statutes and failed to train and supervise its employees to serve alcohol and detect the intoxication of its patrons. (Doc. 20-2 at 3; Doc. 20 ¶¶ 8-10; Doc. 26 ¶ 1.)

Plaintiff allegedly issued Young's Corral commercial general liability insurance Policy No. 034625-45447451-09 (the "Policy"), effective May 2, 2009 to May 2, 2010 (Doc. 20-1 at 2.) The Policy states that coverage does not apply to:

> 'Bodily injury' or 'property damage' for which any insured may be held liable by reason of:
> (1) Causing or contributing to the intoxication of any person;
> (2) The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol;
> (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

(Doc. 20-1 at 122.) Jack Young, owner of Young's Corral, asserted in a declaration that he never received the Policy, and that he believed Young's Corral had liquor liability coverage. (Doc. 26 ¶¶ 3, 5; Doc. 26-1.) Although Plaintiff has reserved it rights under the Policy, it is currently defending Young's Corral in the underlying case. (Doc. 20 ¶¶ 16-17; Doc. 26 ¶ 1.)

On October 28, 2010, Plaintiff filed its Complaint for Declaratory Relief claiming it does not have a duty to defend, indemnify, or otherwise provide coverage to Young's Corral in the underlying case. (Doc. 1.) On February 2, 2011, Plaintiff filed its Motion for Summary Judgment. (Doc. 19 at 9.) Young's Corral responded and requested relief under Federal Rule of Civil Procedure 56(d) to conduct further discovery on whether it received the Policy and

if it was ever informed of the liquor liability exclusion. (Doc. 25 at 3-4.) Ms. Begay's survivors joined in Young's Corral's request for relief (Doc. 25). (Doc. 28 at 1-2.)

**LEGAL STANDARDS**

The Declaratory Judgment Act enables the Court to declare the rights and other legal relations of any interested party seeking such a declaration. 28 U.S.C. § 2201(a). Although the Declaratory Judgment Act creates a federal remedy, it is not an independent basis for federal jurisdiction. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) ("Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction."). While the Act authorizes the Court to provide declaratory relief, the Court is not required to do so. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942). First, the Court must examine "whether there is an actual case or controversy within its jurisdiction." Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005). Second, if "an actual case or controversy exists, the court must decide whether to exercise its jurisdiction by analyzing the factors set out in [Brillhart], and its progeny." Id. Thus, even if a party meets the jurisdictional requirements, the Court still has discretion in declining to entertain the action. See id.; Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995); Fletes-Mora v. Brownell, 231 F.2d 579, 581 (9th Cir. 1955).

**DISCUSSION**

**I.     Whether the Court Has Jurisdiction over this Declaratory Judgment Action**

The Court has jurisdiction over state-law claims between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Whether a claim is ripe for adjudication goes to the Court's subject matter jurisdiction under the case or controversy clause of Article III of the United States Constitution. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); see also S. Pac. Transp. Co. v. L.A., 922 F.2d 498, 502 (9th Cir. 1990) (ripeness is more than procedural question, it is determinative of jurisdiction).

The Court has jurisdiction to hear this declaratory judgment action. First, it is undisputed that the parties are diverse, as Plaintiff's principal place of business is in

Michigan, while Defendants are all based in Arizona. (Doc. 1 ¶¶ 1-5; Doc. 16 at 1.) Second, it is undisputed that the Policy provides comprehensive general liability coverage up to $100,000 per occurrence under certain circumstances, so Plaintiff also meets the amount in controversy requirement. (Doc. 1 ¶¶ 5, 9; Doc. 16 at 1.) Third, this declaratory judgment action is ripe for adjudication as Plaintiff is currently defending Young's Corral in the underlying case and may face further expenditures in the event of a settlement or an adverse judgment against Young's Corral. (Doc. 20 ¶ 17; Doc. 26 ¶ 1.)

**II.     Whether the Court Should Exercise Its Discretion Under the Declaratory Judgment Act to Consider this Action**

As the Declaratory Judgment Act states that the Court "may" act, it is "deliberately cast in terms of permissive, rather than mandatory, authority." 28 U.S.C. § 2201(a); accord. Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc). There is no presumption in favor of abstaining from, nor is there a presumption in favor of exercising this remedial power. See Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800, 803 (9th Cir. 2002); see also Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995) (The appeals court reviews the Court's decision to grant or refrain from granting declaratory relief for abuse of discretion "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp.").

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 288. The Court should consider the factors announced in Brillhart and its progeny, but no one factor necessarily controls. See Dizol, 133 F.3d at 1223 (citing Brillhart, 316 U.S. at 494); Principal Life Ins. Co. v. Robinson, 394 F.3d 665, 672 (9th Cir. 2005) (discussing the Brillhart factors and additional relevant considerations). The Brillhart factors, which are nonexclusive, state that "[1] [t]he district court should avoid needless determination of state law issues; [2] it should discourage litigants from filing declaratory actions as a means of forum shopping; and [3] it should avoid duplicative

litigation." Dizol, 133 F.3d at 1225. "Essentially, the district court 'must balance concerns of judicial administration, comity, and fairness to the litigants.'" Kearns, 15 F.3d at 144 (quoting Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1367 (9th Cir. 1991)). Additional considerations include:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Dizol, 133 F.3d at 1225, n.5 (quoting Kearns, 15 F.3d at 145 (J. Garth, concurring)); Principal Life, 394 F.3d at 672; McGraw-Edison Co. v. Preformed Line Prods. Co., 362 F.2d 339, 342-43 (9th Cir. 1966) (citation omitted). The Court considers whether to dismiss an action seeking declaratory relief under the circumstances existing at the time the issue is raised rather than at the time the action was filed. See Am. Cas. Co. of Reading, Pa. v. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999).

Under the Brillhart factors, the Court will exercise its discretion not to consider Plaintiff's declaratory judgment action. 316 U.S. at 494. First, the Court should avoid the needless determination of state law issues. Dizol, 133 F.3d at 1225. Plaintiff's action relates to determination of insurance coverage and contractual interpretation, both of which are state law issues. Whether the liquor liability exclusion purportedly contained in the Policy serves to limit Plaintiff's duty to defend, indemnify, and otherwise cover Young's Corral is apparently not currently before the state court in the underlying case. However, Plaintiff and Defendants in this Declaratory Judgment action are all active participants in the underlying case. The state court, upon proper motion, is better positioned to determine Plaintiff's potential duties to Defendants. Second, the Court should discourage forum shopping. Id. at 225. The state court record is not before the Court, so it cannot discern whether Plaintiff was motivated to file this declaratory judgment action in hopes that it might fare better here than

with the state court. Third, the district court should avoid duplicative litigation. Id. at 1225. Here, the state court litigation is ongoing. (Doc. 20 ¶ 17; Doc. 26 ¶ 1). Plaintiff thus has the opportunity to request relief from the state court where the broader controversy originated. Under the Brillhart factors, the Court finds good cause to exercise its discretion to decline to consider Plaintiff's declaratory judgment action. 316 U.S. at 494.

Other factors support the Court's decision. One, declaratory relief would not settle all aspects of the broader controversy, as the underlying case between Young's Corral and Ms. Begay's survivors must still be litigated. See Dizol, 133 F.3d at 1225 n.5. Two, the declaratory judgment action risks entangling the federal and state court systems, as Plaintiff is requesting that this Court declare that it is no longer responsible for defending Young's Corral in the underlying case. See id. Three, a better remedy exists in this case, namely the settlement of all controversies in state court. See id. Four, no injustice will occur and little of the Court's time would be squandered by declining to consider issuing Plaintiff's declaratory judgment request. See id.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Court will exercise its discretion under the Declaratory Judgment Act to decline to issue Plaintiff's requested declaratory relief (Doc. 1).

**IT IS FURTHER ORDERED DENYING** Plaintiff's Motion for Summary Judgment (Doc. 19) as moot.

**IT IS FURTHER ORDERED DENYING** Defendants' Request for Relief (Doc. 25; Doc. 28) as moot.

DATED this 25th day of August, 2011.

Stephen M. McNamee
United States District Judge